Mathew K. Higbee, Esq (SBN: 241380)
LAW OFFICES OF HIGBEE & ASSOCIATES
1504 Brookhollow Drive, Suite 112
Santa Ana, CA 92705-5418
Phone: (714) 361-1967
Fax: (866) 534-7049
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| CHRIS A. WORTMAN,<br><br>　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES OF AMERICA; ERIC HOLDER, as United States Attorney General; JAMES B. COMEY, as Director of the Federal Bureau of Investigation; and KAMALA HARRIS, as California Attorney General<br><br>　　Defendant. | Case No.: 14-4567<br><br>COMPLAINT AND REQUEST FOR INJUNCTIVE/DECLARATORY RELIEF<br><br>VIOLATIONS OF THE FIRST, SECOND, FIFTH, AND TENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION<br><br>18 U.S.C. § 921 *et seq.*<br><br>18 U.S.C. § 922 *et seq.*<br><br>18 U.S.C. § 925A *et seq.*<br><br>18 U.S.C. § 1983, 1988 *et seq.* |

## PARTIES

1. Plaintiff CHRIS A. WORTMAN (Mr. Wortman) is an individual who is a citizen/resident of the State of California. Mr. Wortman lives in Santa Cruz County, California.

2. Defendant The UNITED STATES OF AMERICA is charged with interpretation and enforcement of 18 U.S.C. §§ 921 *et seq.* and 922 *et seq.*

3. Defendant ERIC HOLDER is the United States Attorney General and is charged with interpretation and enforcement of 18 U.S.C. §§ 921 *et seq.* and 922 *et seq.*

4. Defendant JAMES B. COMEY is the Director of the Federal Bureau of Investigation and is charged with interpretation and enforcement of 18 U.S.C. §§ 921 *et seq.* and 922 *et seq.*

5. Defendant KAMALA HARRIS is the California Attorney General and is charged with interpretation and enforcement of 18 U.S.C. §§ 921 *et seq.* and 922 *et seq.*

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the lawsuit because the action arises under 18 U.S.C. §§ 921 *et seq.*, 922 *et seq.*, and 925A.

7. As this action arises under the United States Constitution this Court also has jurisdiction pursuant to 28 U.S.C. § 1331.

8. As the Plaintiff is seeking declaratory relief, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2202.

9. Venue for this action is properly in this District pursuant to 28 U.S.C. §1391.

10. All conditions precedent, including exhaustion of administrative remedies where required, have been performed, have occurred, or are futile or unnecessary where the government infringes on a fundamental right.

## FACTS

11. The State of California works in conjunction with the Federal Government to interpret statutes and implement regulations that restrict the "right to keep and bear arms" of people convicted of Misdemeanor Crimes of Domestic Violence.

12. The Federal Government's definition of Misdemeanor Crimes of Domestic Violence is found at 18 U.S.C. § 921(a)(33):

(33) (A) Except as provided in subparagraph (C), the term "misdemeanor crime of domestic violence" means an offense that--

    (i) is a misdemeanor under Federal or State law; and

(ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

(B) (i) A person shall not be considered to have been convicted of such an offense for purposes of this chapter [18 USCS § § 921 et seq.], unless--

(I) the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case; and

(II) in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either

(aa) the case was tried by a jury, or

(bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

(ii) A person shall not be considered to have been convicted of such an offense for purposes of this chapter [18 USCS §§ 921 et seq.] if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

13. It is federal criminal offense for any person to sell or otherwise dispose of any firearm to a person who has been convicted of a felony. 18 U.S.C. § 922(d)(9).

14. It is federal criminal offense for any person who has been convicted of a felony to possess a firearm. 18 U.S.C. § 922(g)(9).

15. Federal Law also provides a means for felons to have their "right to keep and bear arms" restored under procedures promulgated and implemented by the Attorney General. 18 U.S.C. § 925(c).

16. Relief granted pursuant to California Penal Code 17(B) removes a conviction from the purview of the felony firearms ban under 18 U.S.C. § 922(g)(9). *See People v. Gilbreth*, 156 Cal. App. 4th 53, 57 (2007) (holding that a defendant cannot be convicted of felony possession of a firearm after receiving relief pursuant to California Penal Code section 17).

17. It is federal criminal offense for any person to sell or otherwise dispose of any firearm to a person who has been convicted of a Misdemeanor Crime of Domestic Violence. 18 U.S.C. § 922(d)(9).

18. It is federal criminal offense for any person who has been convicted of a Misdemeanor Crime of Domestic Violence to possess a firearm. 18 U.S.C. § 922(g)(9).

19. Thus Federal Law imposes a lifetime ban on the "right to keep and bear arms" for persons convicted of Misdemeanor Crimes of Domestic Violence, subject to the individual states' power to restore this fundamental civil right under state law.

20. California Penal Code § 29805 sets forth a list of specific crimes that subject a person convicted of certain misdemeanors to a ten (10) year prohibition against owning, possessing and purchasing firearms (and ammunition). This list includes, but is not limited to the following Misdemeanor Crimes of Domestic Violence:

    a. Corporal Injury to Spouse/Cohabitant. CA Penal Code § 273.5(A).

21. Pursuant to Penal Code § 29805, the State of California has clearly and unequivocally set forth a policy of limiting firearms prohibitions, for persons convicted of Misdemeanor Crimes of Domestic Violence, to a ten (10) year period such that by the passage of time the misdemeanants' "right to keep and bear arms" is restored, without qualification, by operation of law.

22. Even though The State of California has a policy of restoring the "right to keep and bear arms" through a hearing process and by operation of law (through the passage of time), the Federal Government refuses to recognize California's restoration of rights and rehabilitation policies.

23. As a direct consequence of the Federal Government's refusal to recognize California's restoration and rehabilitation policies Plaintiff (and all other persons similarly situated) continue to be subject to a lifetime prohibition of the "right to keep and bear arms" under Federal Law, even when a restoration of rights has been granted pursuant to California Law.

24. This interpretation of the law by the Federal Government results in five (5) wrongful and unconstitutional consequences:

    a. Plaintiff (and all other persons similarly situated) are subject to federal criminal prosecution if they attempt to exercise their fundamental "right to keep and bear arms" after the State of California has restored their rights.

    b. Plaintiff (and all other persons similarly situated) cannot lawfully purchase a firearm to exercise their fundamental "right to keep and bear arms" because they cannot pass the background check required by state and federal law.

    c. Plaintiff (and all other persons similarly situated) are denied a federal statutory remedy to restore their "right to keep and bear arms" resulting in a denial of their right to petition the their government for redress of grievances.

    d. Plaintiff, as a reduced felon, (and all other persons similarly situated) are denied a federal statutory remedy to restore their "right to keep and bear arms" even when already granted a restoration of rights under California Penal Code §§ 17(B) and 29805 thus resulting in a de facto denial of equal protection of the law.

    e. The executive branch of the federal government has usurped the power retained by the State of California as granted by the legislative branch of the federal government in statute, and the people, for defining a misdemeanor crime of domestic violence and defining the procedures for restoration of the "right to keep and bear arms" following a conviction for a reduced felony crime of domestic violence.

25. Plaintiff WORTMAN:

a. On or about May 16, 2003, Plaintiff CHRIS A. WORTMAN plead guilty and was convicted of a felony violation of California Penal Code § 273.5(a).

b. On September 27, 2007, Plaintiff CHRIS A. WORTMAN, petitioned for a restoration of rights under California Penal Code § 17(B)

c. On October 10, 2007, Plaintiff CHRIS A. WORTMAN's petition was granted by the Superior Court of California.

d. On June 10, 2013, Plaintiff CHRIST A. WORTMAN was denied a firearm purchase and advised by the State of California Department of Justice that the denial was being maintained by the U.S. Department of Justice, Federal Bureau of Investigation, National Instant Criminal Background Check System.

e. As of May 16, 2013, Plaintiff CHRIS A. WORTMAN's right was restored to acquire and possess firearms under the laws of the State of California.

f. Plaintiff CHRIS A. WORTMAN is prohibited from acquiring and possessing firearms due to threat of criminal prosecution under federal law.

g. Plaintiff CHRIS A. WORTMAN exhausted all administrative remedies by petitioning the Federal Bureau of Investigation, the United States Attorney General, the Bureau of Alcohol Tobacco Firearms and Explosives, and the California Attorney General.

h. All administrative remedies have been exhausted or proved futile.

### FIRST CLAIM – Declaratory Relief

26. Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

27. Pursuant to 18 U.S.C. §921(a)(3) Plaintiff has not been convicted of a crime of domestic violence under any one of three possible theories:

a. Chris A. Wortman was not apprized of the possibility of losing his firearm rights under the Misdemeanor Domestic Violence ban when he plead guilty to a felony crime of domestic violence, as there was/is no federal or state law prohibiting

    domestic violence felons from acquiring/possessing firearms upon reduction of the felony offense. Therefore, he could not make a knowing/intelligent waiver of his right to a trial regarding the application of the misdemeanor domestic violence ban.

    b. Chris A. Wortman applied for and was granted a restoration of his rights under California Penal Code §17(B) by a Superior Court Judge in California which satisfies the statute for restoration of civil rights for both the felony and misdemeanor bans.

    c. And finally, the State of California restores the right to possess firearms for Felons after receiving a restoration pursuant to California Penal Code §17(B).

28. The plain language and legislative intent of the Laugtenberg Amendment allows restorations under the law of the applicable jurisdiction to take misdemeanor crime of domestic violence convictions out of the purview of the Laugtenberg Amendment by no longer classifying them as convictions.

29. Defendants have misinterpreted 18 U.S.C. §921(a)(33) so as to deprive Plaintiff of the "right to keep and bear arms" he would otherwise enjoy if the Defendants correctly applied the law.

<u>SECOND CLAIM – Declaratory Relief</u>

30. Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

31. Pursuant to 18 U.S.C. §921(a)(3) Plaintiff is not considered to have been convicted of a crime of domestic violence under the following theories:

    a. Chris A. Wortman received relief from the firearms disability pursuant to California Penal Code § 29805, which satisfies the federal statute for restoration of civil rights for the misdemeanor firearms ban.

    b. The State of California restores the right to possess firearms for Misdemeanor Crimes after receiving a restoration pursuant to California Penal Code §29805.

32. The plain language and legislative intent of the Laugtenberg Amendment gives to states the authority to restore firearm rights pursuant to the law of the applicable jurisdiction.

33. Defendants have misinterpreted 18 U.S.C. §921(a)(33) so as to deprive Plaintiff of the "right to keep and bear arms" he would otherwise enjoy if the Defendants correctly applied the law.

### THIRD CLAIM – Second Amendment

34. Paragraphs 1 through 33 are incorporated by reference as if fully set forth herein.

35. The Second Amendment to the United States Constitution provides in part that: *"the right of the people to keep and bear Arms shall not be infringed."*

36. As currently interpreted and enforced, 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) violates the Second Amendment to the United States Constitution because it imposes a lifetime ban on the exercise of a fundamental constitutional "right to keep and bear arms" after conviction of a minor crime, which was later reduced, by denying a valid rights restoration under the law of the applicable jurisdiction.

37. As applied to the facts of this case, the Defendants' interpretations of 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) violates the Second Amendment to the United States Constitution because it imposes a lifetime ban on the exercise of a fundamental constitutional "right to keep and bear arms" after conviction of a minor crime, which was later reduced, by denying a valid rights restoration under the law of the applicable jurisdiction.

### FOURTH CLAIM – First Amendment

38. Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

39. The First Amendment to the United States Constitution provides in part that: *Congress shall make no law... abridging... the right of the people... to petition the Government for a redress of grievances.*

40. As currently interpreted and enforced, 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) violates the rights of the Plaintiff under the First Amendment to the United States Constitution, because it imposes a lifetime ban on the exercise of a fundamental constitutional right for a minor crime without providing a statutory remedy for restoration of that right.

41. As applied to the facts of this case, Defendant's interpretation and enforcement of 18 U.S.C. §§921(a)(33), 922(d)(9) and 922(g)(9) violates the rights of the Plaintiffs under the First

Amendment to the United States Constitution, because it imposes a lifetime ban on the exercise of a fundamental constitutional "right to keep and bear arms" after conviction for a minor reducible crime without providing a statutory remedy for restoration of that right and abrogating the statutory remedy for restoration under 18 U.S.C. § 921.

FIFTH CLAIM – Tenth Amendment

42. Paragraphs 1 through 33 are incorporated by reference as if fully set forth herein.

43. The Tenth Amendment to the United States Constitution provides: *"The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."*

44. As currently enforced, 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) violates the Tenth Amendment to the United States Constitution because it usurps the power retained by the State of California, as granted by the legislative branch of the federal government in 18 U.S.C. 921(a)(33), for defining the procedures for restoration of the "right to keep and bear arms" following a conviction for a reduced felony crime of domestic violence.

45. As currently written, 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) allows the states to restore civil rights and remove the firearm ban pursuant to the law of the applicable jurisdiction. As enforced, the statute does not allow the State of California to restore civil rights pursuant to California Penal Code §§ 17(B) or 29805 even though California Penal Code §§ 17(B) or 29805 do not *"expressly [provide] that the person may not ship, transport, or receive firearms."* See 18 U.S.C. § 921(a)(33)(B)(ii).

46. As applied to the facts of this case, the Defendants' interpretations of 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) violates the Tenth Amendment to the United States Constitution because it usurps the States' powers to define and provide for the rehabilitation of minor reducible public offenses as allowed under federal statute.

47. This usurpation of power by the federal government is directly responsible for the infringement of the Plaintiff's fundamental "right to keep and bear arms."

SIXTH CLAIM – Fifth Amendment

48. Paragraphs 1 through 33 are incorporated by reference as if fully set forth herein.

49. The Fifth Amendment to the United States Constitution provides in part that: *"No person shall... be deprived of life, liberty or property, without due process of law..."*

50. Part of the protection afforded Plaintiffs under the Fifth Amendment Due Process Clause against the federal government is the guarantee of "equal protection" under the law.

51. As currently enforced, 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) violates the Fifth Amendment to the United States Constitution because it imposes a lifetime ban on the exercise of a fundamental constitutional right for a minor reduced crime by stating that the applicable statutory remedy for restoration of that right does not apply, even when it has already been granted under the laws of the applicable jurisdiction. See 18 U.S.C. § 921(a)(33).

52. As applied to the facts of this case, the Defendants' interpretations of 18 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) violates the Fifth Amendment to the United States Constitution because it imposes a lifetime ban on the exercise of a fundamental constitutional right for a minor reduced crime by stating that the applicable statutory remedy for restoration of that right does not apply, even when it has already been granted under the laws of the applicable jurisdiction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court will enter judgment as follows:

A. Declaratory and injunctive relief that Plaintiff is not subject to the prohibitions set forth in 18 U.S.C. §§922(d)(9) and 922(g)(9).

B. Declaratory and injunctive relieve that U.S.C. §§922(d)(9) and 922(g)(9) are unconstitutional as applied to Plaintiff.

C. Declaratory and injunctive relief that Plaintiff's restoration of rights pursuant to California Penal Code § 17(B) is a valid restoration pursuant to 18 U.S.C. §§ 921(a)(33).

D. Declaratory and injunctive relief that Plaintiff's restoration of rights pursuant to California Penal Code § 29805 is a valid restoration pursuant to 18 U.S.C. §§ 921(a)(33).

E. Award Plaintiff his reasonable attorney fees and costs under 42 U.S.C. §§ 1983, 1988, and/or 18 U.S.C. § 925A.

F. Such other and further relief as this Court deems just and proper.

Respectfully submitted on September 15, 2014

_____
Mathew K. Higbee, Esq (SBN: 241380)
LAW OFFICES OF HIGBEE & ASSOCIATES
1504 Brookhollow Drive, Suite 112
Santa Ana, CA 92705-5418
Phone: (714) 361-1967
Fax: (866) 534-7049

Attorney for Plaintiff

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Chris A. Wortman

## DEFENDANTS
United States of America; Eric Holder, U.S. Attorney General; James B. Comey, Director of FBI; Kamala Harris, California Attorney General

**(b)** County of Residence of First Listed Plaintiff: Santa Cruz
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mathew K. Higbee, LAW OFFICES OF HIGBEE & ASSOCIATES
1504 Brookhollow Drive, Suite 112, Santa Ana, CA 92705-5418
Phone: (714) 361-1967  (SBN 241380)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
18 U.S.C. §§ 921, 922, 925A and 42 U.S.C. §§ 1983, 1988
Brief description of cause:
Wrongful denial of firearm purchase clearance from Federal Government

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 9/15/2014
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.