1
2
3
4
5
6
7

**United States District Court**
For the Northern District of California

8        UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA

10        SAN JOSE DIVISION

11   CHRIS A. WORTMAN,                    )    Case No. 5:14-cv-04567-PSG
                                          )
12                     Plaintiff,         )    **ORDER GRANTING MOTIONS TO**
          v.                              )    **DISMISS**
13                                        )
     UNITED STATES OF AMERICA, et al.,    )    **(Re: Docket Nos. 17, 21)**
14                                        )
                       Defendants.        )
15   _____ )

16        The United States of America, Eric Holder, James B. Comey and Kamala Harris[1] move to

17   dismiss Plaintiff Chris A. Wortman's complaint under Fed. R. Civ. P. 12(b)(6).  Because the court

18   finds that Wortman's claims fail as a matter of law, Defendants' motions are GRANTED but with

19   leave to amend.

20                                      **I.**

21        Wortman pleaded guilty to felony domestic violence in May 2003.[2]  Four years later, he

22   petitioned to downgrade his felony conviction to a misdemeanor, which the Superior Court of

---

[1] Defendant Kamala Harris moved to dismiss separately but joins all arguments advanced by
Defendants United States of America, Eric Holder and James B. Comey.

[2] *See* Docket No. 1 at ¶ 25.  Wortman was convicted of violating Cal. Pen. Code § 273.5(a), which
provides that "[a]ny person who willfully inflicts corporal injury resulting in a traumatic condition
upon a victim [such as the offender's spouse or former spouse] is guilty of a felony, and upon
conviction thereof shall be punished by imprisonment in the state prison for two, three, or four
years."

California promptly granted.[3]  When Wortman tried to purchase a firearm six years later, he was advised by the State of California that, while under California law his right to possess firearms had been restored after ten years from the date of his felony conviction, his application was rejected by the United States Department of Justice by virtue of 18 U.S.C. § 922(g)(9),[4] which prohibits an individual convicted of misdemeanor domestic violence from ever possessing a firearm.[5]  After exhausting all other administrative remedies, Wortman brought this suit.  He specifically seeks declaratory relief as to the meaning of 28 U.S.C. §§ 921(a)(33), 922(d)(9) and 922(g)(9) and pursuant to 42 U.S.C. § 1983 alleges violations of his rights under the First, Second, Fifth and Tenth Amendments to the United States Constitution.

## II.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. §636(c) and Fed. R. Civ. P. 72(a).

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[6]  The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[7]  However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[8]

---

[3] *See id.*  (granting petition pursuant to Cal. Pen. Code § 17(b)).

[4] Also known as the "Lautenberg Amendment."

[5] *See id.*; 18 U.S.C. § 922(g)(9).

[6] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[7] *See id.*

[8] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

Case No. 5:14-cv-04567-PSG
ORDER GRANTING MOTIONS TO DISMISS

**III.**

"[D]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[9]  If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[10]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]  Against these standards, none of Wortman's claims pass muster.

*First*, Wortman's first and second claims for declaratory relief fail as a matter of law.[12] Section 922(g) prohibits individuals who have been convicted of a felony from possessing a firearm.[13]  Subsection (9) extends this prohibition to individuals who have been convicted of a misdemeanor crime of domestic violence.[14]  Congress purposefully extended the prohibition to domestic violence misdemeanants out of concern that such offenders are rarely convicted of felonies but nevertheless pose a substantial threat if they have access to firearms.  "By extending the federal firearm prohibition to persons convicted of 'misdemeanor crime[s] of domestic violence,' proponents of § 922(g)(9) sought to 'close this dangerous loophole.'"[15]  Congress also

---

[9] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[10] *Twombly*, 550 U.S. at 570.

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[12] Defendants separately seek to dismiss Wortman's declaratory relief claims on the basis that the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, does not—on its own—confer federal subject matter jurisdiction.  *See Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005).  But Defendants fail to explain why these claims cannot be considered in light of Wortman's 42 U.S.C. § 1983 claims that presumptively confer this court with federal subject matter jurisdiction.  Without more, this argument fails.

[13] *See* 18 U.S.C. § 922(g) ("It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition").

[14] *See* 18 U.S.C. § 922(g)(9) ("It shall be unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence . . . to . . . possess in or affecting commerce, any firearm or ammunition").

[15] *United States v. Hayes*, 555 U.S. 415, 426 (2009) (quoting 142 Cong. Rec. 22985-86 (statement of Sen. Lautenberg)).

Case No. 5:14-cv-04567-PSG
ORDER GRANTING MOTIONS TO DISMISS

**United States District Court**
For the Northern District of California

created exceptions to the prohibition: "A person shall not be considered to have been convicted of such an offense for purposes of [Section 922(g)(9)]," "if the conviction has been expunged or set aside," or is for "an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."[16]

Wortman argues that he qualifies for this latter exception because he had his civil rights restored when his felony conviction for domestic violence was reduced to a misdemeanor. When Wortman pleaded guilty to felony domestic violence, he lost—by operation of California law—all or some of his core civil rights.[17]  After Wortman successfully filed his petition, the state-law restrictions on his civil rights no longer applied,[18] which Wortman argues is synonymous with them having been restored.

The case law, however, does not support such an interpretation.  In *United States v. Brailey*, the defendant originally pleaded guilty in Utah to felony domestic violence.[19]  The court later granted his petition to reduce his felony conviction to a misdemeanor.[20]  Utah law originally barred the defendant from possessing a firearm because of his misdemeanor conviction.  When the Utah legislature changed the law to permit misdemeanants to possess firearms, the defendant was still barred from doing so as a result of his status under Section 922(g)(9).[21]  The district court considered whether the misdemeanor conviction had been expunged or whether any civil rights had been restored based on the misdemeanor conviction.[22]  In affirming the district court, the Ninth

---

[16] 18 U.S.C. § 921(a)(33)(B)(ii).

[17] *See Logan v. United States*, 552 U.S. 23, 28 (2007) (holding that for the purposes of the federal firearms ban under 18 U.S.C. § 921, core civil rights include the right to vote, to serve on a jury and to hold public office).

[18] *See* Cal. Const. art. II, § 4.

[19] 408 F.3d 609, 611 (9th Cir. 2005).

[20] *See id.*

[21] *See id.*

[22] *See id.*

4

Case No. 5:14-cv-04567-PSG
ORDER GRANTING MOTIONS TO DISMISS

United States District Court
For the Northern District of California

Circuit held that "when Brailey's conviction was changed from a felony to a misdemeanor crime of domestic violence in 1997, he did not lose any core civil rights . . . . Thus, Brailey's civil rights could not have been restored in 2000 within the meaning of the federal exception because his misdemeanor conviction had not resulted in the loss of his civil rights as expressly required to qualify for the federal exception."[23] Ultimately, "a person convicted of a misdemeanor crime of domestic violence cannot benefit from the federal restoration exception . . . [because] [w]hen a defendant's civil rights were never taken away, it is impossible for those civil rights to have been restored."[24]

Wortman's position also is illogical. Wortman would have this court rule that an individual who was initially convicted of misdemeanor domestic violence—by definition a lesser crime than felony domestic violence—should never be able to possess a firearm, but an individual who was initially convicted of a greater crime and who later convinced the government to downgrade the conviction should be able to possess a firearm. That simply does not compute.

Wortman also argues that his rights have been restored under California law because Cal. Pen. Code § 29805 prohibits individuals with certain misdemeanor convictions—including Wortman's conviction—from possessing a firearm for the first ten years following conviction. Thus, as of 2013, Wortman can legally possess a firearm under California law—which Wortman contends counts as a civil rights restoration for the purposes of Section 922(g)(9). *Brailey*, however, explicitly holds that "while the restoration of civil rights enjoyed under state law by persons convicted of crimes is governed by state law, federal law governs whether a person's possession of a firearm violates a federal statute."[25] And in *Caron v. United States*, the Supreme Court held that a "defendant could be convicted of possession of a firearm, in his case a rifle, under federal law, even though his possession of the rifle was permitted under state law. *Caron's*

---

[23] *See id.* at 612; *see also United States v. Chovan*, 735 F.3d 1127, 1131-33 (9th Cir. 2013).

[24] *See Brailey*, 408 F.3d at 612.

[25] *Id.* (citing *Caron v. United States*, 524 U.S. 308, 313-14 (1998)).

Case No. 5:14-cv-04567-PSG
ORDER GRANTING MOTIONS TO DISMISS

1  holding, therefore is that federal law, not state law, controls the right of a defendant to bear a

2  firearm under a federal statute."[26]

3     **Second**, Wortman's claim that Defendants' interpretation and application of Section

4  922(g)(9) violates the Second Amendment fails as a matter of law.  The Ninth Circuit has held time

5  and time again that Section 922(g)(9) does not violate the Second Amendment.[27]  While Wortman

6  relies on *District of Columbia v. Heller* for the proposition that the Second Amendment allows

7  "law-abiding, responsible citizens to use arms in defense of hearth and home,"[28] even after *Heller*

8  the Ninth Circuit has held that "Section 922(g)(9) [simply] does not implicate this core Second

9  Amendment right because it regulates firearm possession for individuals with criminal

10  convictions."[29]

11     **Third**, Wortman claims that Defendants' interpretation of Section 922(g)(9) as applied to

12  him violates the First Amendment because it imposes "a lifetime ban on the exercise of a

13  fundamental constitutional right for a minor crime without providing a statutory remedy for

14  restoration of that right."[30]  That claim also is unfounded.  Wortman has not alleged that the

15  government has restricted his right to speech or to petition the government for redress.  Indeed,

16  Wortman could seek repeal of Section 922(g)(9) or amendment in some other way that would

17  restore his gun rights.  Because gun possession itself is not speech, there is no colorable claim

18  under the First Amendment.[31]

---

19  [26] *Id.  Cf. Chovan*, 735 F.3d at 1130 ("At the time of his application [for a gun], Chovan could
20  legally possess a firearm under California law because ten years had passed since his 1996
    conviction, but § 922(g)(9) continued to bar him from possessing a firearm.").  Wortman also
21  argues that he is exempt from Section 922(g)(9) because he could not "knowingly and intelligently
    waive [] the right to have the case tried by a jury," 18 U.S.C. § 921(a)(33)(B)(i), without knowing
22  that his right to possess a firearm down the line would be in jeopardy.  But the Ninth Circuit has
    held that pleas are made voluntarily, knowingly and intelligently even where the guilty pleas pre-
23  dated Section 922(g)(9).  *See Enos v. Holder*, 585 Fed. Appx. 447, 447-48 (9th Cir. 2014).

24  [27] *See, e.g.*, *Enos*, 585 Fed. Appx. at 447-48 ("The Lautenberg Amendment does not violate Second
    Amendment rights."); *Chovan*, 735 F.3d at 1138.

25  [28] 554 U.S. 570, 635 (2008).

26  [29] *Chovan*, 735 F.3d at 1138.

27  [30] *See* Docket No. 1 at ¶¶ 40-41.

28  [31] *See Nordyke v. King*, 319 F.3d 1185, 1190 (9th Cir. 2003).

6

Case No. 5:14-cv-04567-PSG
ORDER GRANTING MOTIONS TO DISMISS

**United States District Court**
For the Northern District of California

1    *Fourth*, Wortman claims that Defendants' interpretation of Section 922(g)(9) violates the

2    Tenth Amendment because it "usurps the power retained by the State of California" to define

3    procedures for the restoration of gun rights following a conviction for a reduced felony crime of

4    domestic violence.[32]  But Wortman fails to substantiate this claim in any way, particularly in light

5    of the clear case law holding "[t]he Lautenberg Amendment does not violate the Tenth

6    Amendment.  As a federal firearms law, the Lautenberg Amendment is a valid exercise of

7    Congress's commerce power."[33]

8         *Fifth*, Wortman claims that Defendants' interpretation of Section 922(g)(9) violates the

9    Fifth Amendment because "it imposes a lifetime ban on the exercise of a fundamental

10   constitutional right for a minor reduced crime by stating that the applicable statutory remedy for

11   restoration of that right does not apply, even when it has already been granted under the laws of the

12   applicable jurisdiction."[34]  But again, while Wortman offers no authority in support of his position,

13   the Ninth Circuit has already rejected equal protection challenges to Section 922(g)(9).[35]  In *United*

14   *States v. Hancock*, the court explained that Congress "was aware of the discrepancies in state

15   procedures for revoking and restoring civil rights" when it enacted Section 922(g)(9), and thus

16   "disparate treatment of some offenders was the inevitable result of Congress'[s] decision to 'look at

17   state law to define the restoration exception.'"[36]  Putting Congress's intentions aside, the statutory

18   framework provides for "several adequate legal mechanisms" that both convicted felons and

19   misdemeanants equally can pursue—namely "pardon, expungement, and setting aside of

20   convictions."[37]  Because felons and misdemeanants are similarly situated in their ability to pursue

21   [32] *See* Docket No. 1 at ¶¶ 45-47.

22   [33] *Enos*, 585 Fed. Appx. at 447-48 (citing *United States v. Jones*, 231 F.3d 508, 515 (9th Cir.
23   2000); *see United States v. Andaverde*, 64 F.3d 1305, 1310 (9th Cir. 1995) ("Congress may
     regulate possession of firearms without violating the Tenth Amendment."); *United States v.*
24   *Nguyen*, 88 F.3d 812, 820-21 (9th Cir. 1996) (same).

25   [34] Docket No. 1 at ¶¶ 51-52.

26   [35] *See, e.g.*, *United States v. Hancock*, 231 F.3d 557, 566-67 (9th Cir. 2000); *Chovan*, 735 F.3d at
     1132-33.

27   [36] *Hancock*, 231 F.3d at 566-67 (citing *United States v. Smith*, 171 F.3d 617, 625 (8th Cir. 1999)).

28   [37] *Id.* at 567.

7

Case No. 5:14-cv-04567-PSG
ORDER GRANTING MOTIONS TO DISMISS

1   restoration of rights that might bear on their ability to possess arms, there is no legal basis to

2   Wortman's Fifth Amendment claim.

3                                    **IV.**

4          Defendants' motions to dismiss are GRANTED.  Dismissal without leave to amend is only

5   appropriate if it is clear that the complaint could not be saved by amendment such as after a

6   plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."[38]  Because

7   Wortman has not previously amended his complaint and the court cannot yet say that amendment

8   would be futile, leave to amend also is GRANTED.  Any amended pleadings shall be filed within

9   21 days.

10  **SO ORDERED.**

11  Dated: May 13, 2015

12                                            PAUL S. GREWAL
                                             United States Magistrate Judge

---

[38] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Case No. 5:14-cv-04567-PSG
ORDER GRANTING MOTIONS TO DISMISS

United States District Court
For the Northern District of California